**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————————

**UNITED STATES OF AMERICA**

       - against –

**CHRISTIAN T. VIERTEL,**

                  Defendant.
————————————————————————

**01 Cr. 571 (JGK)**

**MEMORANDUM**
**OPINION & ORDER**


**JOHN G. KOELTL, District Judge:**

This case has been remanded to this Court for further proceedings in conformity with United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). See also United States v. Booker, 125 S.Ct. 738 (2005). The Court has carefully reviewed the submissions of the parties and has concluded that, fully aware that the Sentencing Guidelines are only advisory and that the Court is to consider all of the factors in 18 U.S.C.§ 3553 (a), the Court would not have sentenced the defendant to a different sentence. The sentence consisted principally of a term of imprisonment of twenty-one months and a term of supervised release of three years. That sentence was supported by a preponderance of the evidence established at trial and was wholly reasonable after considering all of the factors in 18 U.S.C. § 3553(a).

The sentence reflected the nature of the offense and the history and characteristics of the defendant. The Court indicated at sentencing that the Court had considered various applications for downward departures and denied them. The Court also noted that the Court had considered the defendant's personal circumstances. The fraud was extensive and the defendant's participation was extensive and lengthy. The sentence was sufficient but no greater than necessary to reflect the seriousness of the offense and the need for deterrence. The sentence also avoided unwarranted sentencing disparities by being consistent with the Sentencing Guidelines.

Indeed, the sentence in this case was wholly reasonable. The Court made detailed factual findings at sentencing based on the trial record and found that the amount of the loss was approximately $345,000. (Transcript of proceedings held Jun. 9, 2003, at 14.) This was substantially less than the amount of the loss that was urged by the Government and the Probation Department and represented the amount of loss for which the evidence established the defendant was responsible. The Court noted that the amount of the loss warranted an eight level increase under the applicable 1995 Sentencing Guideline, and that

"an 8 level increase is warranted for a loss in excess of

the defendant was responsible could be less than $200,000."
(Id.)

Considering all of the factors in 18 U.S.C. § 3553(a), the sentence was reasonable and, aware of its discretion, the Court would not have imposed a different sentence from the one that was imposed on the defendant. The defendant's motion for resentencing is therefore **denied**.

**SO ORDERED.**

**Dated: New York, New York
August 2, 2005**

John G. Koeltl
United States District Judge

- 3 -